# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2183

_____

Lavoy Savalas Steed, by and through next friend Toya Steed

*Plaintiff - Appellant*

v.

Missouri State Highway Patrol; Brent J. Fowler, MO State Trooper #782 (in his individual and official capacity); J. A. Ashby, Trooper #234 (in his individual and official capacity)

*Defendants - Appellees*

City of Pevely, Missouri; Kyle M. Weiss, Sergeant #778 (in his individual and official capacity); Brian Benjamin, Police Officer #780 (in his individual and official capacity)

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 15, 2021
Filed: June 25, 2021

_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Jerome Goode led police on a twenty-five-mile car chase that ended in his death and the deaths of passengers Lavoy Steed and Leon Haywood. One passenger, Presiada Hayes, survived. Steed's next friend filed this action under 42 U.S.C. § 1983 against Missouri State Troopers Brent Fowler and J.A. Ashby alleging that the traffic stop that precipitated the chase and an attempt to halt Goode's vehicle with spike strips were unconstitutional seizures in violation of the Fourth Amendment. The district court[1] granted summary judgment in favor of the troopers. We affirm.

I.

Trooper Fowler was on Interstate 55 near St. Louis when he saw a blue Ford Explorer speeding and following other cars too closely. Jerome Goode was driving; Leon Haywood, Lavoy Steed, and Presiada Hayes were passengers. Trooper Fowler clocked the Explorer at ninety-two miles per hour. After dodging through traffic to catch up, Trooper Fowler pulled up behind the SUV and matched its speed. Both cars were doing close to ninety. Trooper Fowler activated his emergency lights and Goode stopped the Explorer.

As Trooper Fowler approached the Explorer, Goode started to drive off. Trooper Fowler told him, "You don't want to do this," but he took off anyway and merged into traffic. Trooper Fowler gave chase. The pursuit spanned twenty-five miles and reached speeds of over 100 miles per hour.

Trying to end the chase, Trooper Ashby placed spike strips on the left and center lanes of the interstate, leaving the right lane open. But Goode swerved around the spike strips and continued to flee. At this point, other officers joined Trooper Fowler in the chase, but Goode did not pull over. At mile marker 186, he tried to

---

[1]The Honorable Henry Edward Autrey, United States District Judge for the Eastern District of Missouri.

exit the interstate. He lost control of the Explorer and it flipped several times. Goode, Steed, and Haywood were all killed in the crash.

Steed, through his next friend, Toya Steed, filed suit under 42 U.S.C. § 1983 against the Missouri Highway Patrol and the troopers. The complaint asserted various claims, but on appeal we consider only whether the initial stop of the Explorer and the use of spike strips were unconstitutional seizures.[2] The district court granted Troopers Fowler and Ashby summary judgment, finding probable cause for the initial traffic stop and that the spike strips were not a seizure because Goode drove around them. Steed appealed.

II.

"We review de novo the district court's denial of a motion for summary judgment on the basis of qualified immunity." *Morris v. Zefferi*, 601 F.3d 805, 808 (8th Cir. 2010) (citation omitted). "In doing so we grant the nonmoving party the benefit of all relevant inferences." *Id.* "If there is a genuine dispute concerning predicate facts material to the qualified immunity issue, there can be no summary judgment." *Id.* (citation omitted) (cleaned up).

Qualified immunity shields a defendant from personal liability if his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Quraishi v. St. Charles Cty., Mo.*, 986 F.3d 831, 835 (8th Cir. 2021) (citation omitted). We conduct a two-step inquiry: "(1) whether [the plaintiff] ha[s] alleged facts to show a violation of a constitutional right; and (2) whether that right was clearly established at the time of the alleged misconduct." *Id.* (citation omitted).

---

[2]In his opening brief, Steed mentions that the officers put innocent lives at risk by chasing the Explorer and that the supervising officer can be heard over Trooper Fowler's audio calling off the car chase. But Steed does not tie these facts to any underlying constitutional violation.

## A.

Steed says that the initial stop violated Lavoy's Fourth Amendment rights. The Fourth Amendment secures the right of the people to be free from "unreasonable searches and seizures." "The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *United States v. Adler*, 590 F.3d 581, 583 (8th Cir. 2009) (citation omitted) (cleaned up). "Any traffic violation, however minor, provides probable cause for a traffic stop." *Id.* (citation omitted). "[T]he issue for immunity purposes is not probable cause in fact but arguable probable cause, that is, whether the officer should have known that the arrest violated plaintiff's clearly established right." *Schaffer v. Beringer*, 842 F.3d 585, 592 (8th Cir. 2016) (citation omitted).

Steed argues that there was no probable cause for Trooper Fowler to stop the Explorer because the lone survivor of the accident says Goode was not speeding. The dashcam footage shows the Explorer going close to ninety miles per hour. Steed says this inconsistency creates a genuine issue of material fact. But "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The dashcam footage is in the record, so we agree with the district court that Trooper Fowler had probable cause. Even assuming he misinterpreted the speed reading, he would still be entitled to qualified immunity because he had at least arguable probable cause to believe the Explorer was speeding.

## B.

Steed next argues that Lavoy's Fourth Amendment rights were violated when Trooper Ashby deployed the spike strips. A failed attempt to restrain a suspect is not a "seizure" within the meaning of the Fourth Amendment unless there is some application of physical force. *See Torres v. Madrid*, 141 S. Ct. 989, 995 (2021)

(seizure only for the moment that the officer's bullet struck the plaintiff). Here, the officers tried to stop the Explorer with the spike strips—physical force—but were unsuccessful. Steed says that a reasonable jury could find that the Explorer drove over the spike strips. But again, that argument is "blatantly contradicted by the record." *Harris*, 550 U.S. at 380. The dashcam footage shows the strips on the two left lanes, and the Explorer drove in the far-right lane. Plus, the Explorer continued the chase afterwards—likely impossible to do with punctured tires. We conclude that the record clearly establishes that the troopers did not apply physical force by trying to use the spike strips, so there was no seizure.

## III.

The judgment of the district court is affirmed.

_____